```
CLERK'S OFFICE U.S. DIST. COURT
       AT ROANOKE, VA
            FILED
        SEP 19 2005
JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

ROBERT G. BREWER, Executor of the Estate )
of JOLLY MAE DILLON, )
) Civil Action No. 4:02CV00083
    Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, ) By:   Honorable Glen E. Conrad
)        United States District Judge
    Defendant. )

       Jolly M. Dillon filed this action challenging the final decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423.[1] Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by "substantial evidence," and if it is not, whether plaintiff met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, "substantial evidence" has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

       Jolly M. Dillon was born on April 19, 1951. While Ms. Dillon reached the seventh grade in school, there is some indication that she repeated the first, second, and third grades (TR 307, 387), and that she was granted at least one "social promotion." (TR 33-38). She has worked as a nurse's

---

[1] Jolly M. Dillon died sometime after filing this action. Robert G. Brewer has qualified as Executor of her estate, and has been substituted as the plaintiff and party in interest in this case. For purposes of consistency and clarity, the court will hereinafter refer to Jolly M. Dillon as the plaintiff in this action.

aide. On February 4, 1999, plaintiff filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on March 1, 1996 due to manic depression, diabetes, and back problems. At the time of the administrative hearing, plaintiff amended her disability onset date to July 29, 1998. (TR 393). Plaintiff alleged that she remained disabled for a period in excess of 12 months. The record reveals that Ms. Dillon met the insured status requirements of the Act through the fourth quarter of 1998, but not thereafter. See, generally, 42 U.S.C. §§ 414 and 423. Consequently, plaintiff was entitled to disability insurance benefits only if she established that she became disabled for all forms of substantial gainful employment on or before December 31, 1998. See, generally, 42 U.S.C. § 423.

Ms. Dillon's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 29, 2000, the Law Judge also determined that Ms. Dillon was not disabled. The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Ms. Dillon then appealed to this court. However, inasmuch as the transcript from the administrative hearing could not be produced, the court granted the Commissioner's motion for remand for a new hearing and administrative decision.

Following a second administrative hearing on March 24, 2004, an Administrative Law Judge rendered a decision on May 28, 2004. The Law Judge found that, prior to the termination of her insured status on December 31, 1998, Ms. Dillon suffered from severe back and mental impairments. Because of these impairments, the Law Judge held that plaintiff was limited to light work activity, not requiring exposure to hazards, climbing, crouching, or crawling. Based on her mental limitations, the Law Judge noted that Ms. Dillon could not do work requiring sustained attention,

2

concentration, or work pace. Given such a residual functional capacity, and after considering plaintiff's age, education and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Ms. Dillon retained sufficient functional capacity for several specific work roles at all relevant times prior to the termination of her insured status. Accordingly, the Law Judge ultimately concluded that Ms. Dillon was not disabled, and that she was not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. §§ 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. All available administrative remedies having then been exhausted, Ms. Dillon's civil action was reinstated to the active docket of this court.

While plaintiff may have been disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. As indicated above, the Administrative Law Judge ultimately decided this case under the fifth step of the Sequential Disability Analysis set forth under 20 C.F.R. § 404.1520. However, based on undisputed intellectual testing results from a consultative psychological evaluation commissioned by the Social

3

Security Administration, the court believes that the Commissioner erred in proceeding beyond the third step of the Sequential Disability Analysis. The court finds that plaintiff's intellectual assessment documented the existence of a listed impairment under Appendix I to Subpart P of the Administrative Regulations Part 404. Thus, the court concludes that Ms. Dillon met the burden of proof in establishing total disability for all forms of substantial gainful employment.

Under 20 C.F.R. § 404.1520(d), it is provided that if a claimant suffers from an impairment listed under Appendix I to Subpart P of the Administrative Regulations Part 404, the claimant will be found to be disabled without consideration of factors such as age, education, and prior work experience. Under Rule 12.05(C) of Appendix I, it is provided as follows:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

Thus, a claimant with a verbal, performance, or full scale IQ of 60-70 and a physical or other mental impairment which imposes significant, work-related limitation of function will be found to be disabled pursuant to the provisions of 20 C.F.R. § 404.1520(d).

It is essentially undisputed that Ms. Dillon suffered from a physical impairment which imposed a significant work-related limitation of function. As noted above, the Administrative Law Judge found that plaintiff's physical problems prevented performance of anything more than light exertion, and that her physical instability rendered plaintiff disabled for jobs requiring excessive back movement. The Law Judge's finding of reduced physical capacity establishes the existence of an impairment which meets the second prong of Rule 12.05(C). Rainey v. Heckler, 770 F.2d 408 (4th Cir. 1985). Thus, the only issue in this case concerns the severity of Ms. Dillon's intellectual limitations.

4

It seems that prior to the first administrative decision, some concern arose as to the plaintiff's mental and emotional limitations. The state disability agency referred Ms. Dillon to Dr. Patricia B. Grigoryev, for a psychological evaluation. Dr. Grigoryev produced a report on March 28, 2000. The psychologist conducted a clinical interview and administered a number of psychological tests, including a Weschler Adult Intelligence Scale III. The intellectual testing revealed a verbal IQ of 70, a performance IQ of 77, and a full scale IQ of 71. The psychologist ultimately diagnosed depression, anxiety, and low borderline range of intellectual ability. (TR 314).

Dr. Grigoryev's study is the only intellectual assessment of record, and the verbal IQ measurements reported by the psychologist are not disputed by any other objective evidence. It follows that, based on the record before the Commissioner and the court, Ms. Dillon met the burden of proof in establishing a listed impairment under Appendix I to Subpart P. Thus, plaintiff met the burden of proof in establishing total disability for all forms of substantial gainful employment, without consideration of factors such as age, education, or prior work experience. See 20 C.F.R. § 404.1520(d).

In a supplemental memorandum in support of her motion for summary judgment, the Commissioner argues that the psychological report cannot serve so as to establish plaintiff's disability for purposes of her claim under the Social Security Act. Tracking the rationale of the Administrative Law Judge, the Commissioner argues that Dr. Grigoryev's report, which was completed sometime after the termination of insured status, cannot establish plaintiff's disability for the period prior to January 1, 1999. The Commissioner also contends that plaintiff has failed to satisfy the documentation standards under Rule 12.00A of Appendix I. Finally, the Commissioner maintains that Dr. Grigoryev's report does not include sufficient documentation of plaintiff's

cooperation and effort in the WAIS-III protocol. The court concludes that each of these arguments is unavailing.

At the outset, the court notes incongruity in the argument that the consultative psychological study is untimely and fails to meet documentation standards. After all, the state disability agency chose and commissioned Dr. Grigoryev to complete the psychological consultation. As to the timing issue, it is difficult to understand why the Commissioner referred Ms. Dillon for a study in 2000 if there was reason to believe that positive findings could not be related back to the period in which plaintiff still enjoyed insured status. In any event, the Commissioner's argument is foreclosed by the decision in <u>Branham v. Heckler</u>, 775 F.2d 1271 (4th Cir. 1985), wherein the United States Court of Appeals for the Fourth Circuit held that a claimant's IQ level must be considered a life-long condition, absent evidence of some intervening causation such as a traumatic injury. In the instant case, the court concludes that there is no reason to believe that Ms. Dillon's verbal IQ was any different at the time of her alleged disability onset on July 29, 1998 than on March 28, 2000.

The court also finds that Dr. Grigoryev's report does not support the assertion that Ms. Dillon did not cooperate in the testing protocol. The psychologist indicated that plaintiff was "cooperative to the testing and interview process," (TR 306) and that the "claimant was cooperative and did appear to put forth adequate effort to the interview and test." (TR 310). The court finds no evidence to support a finding that Dr. Grigoryev's IQ testing was invalid because of Ms. Dillon's lack of effort or cooperation.

The Commissioner's arguments regarding the documentation requirements under Rule 12.05 of Appendix I are somewhat more meritorious. The Commissioner first argues that the listing is designed to establish criteria for a finding of disability on the basis of "mental retardation" and that Dr. Grigoryev did not list a diagnosis of mental retardation in her report. Once again, however, a

6

reading of Dr. Grigoryev's report belies the Commissioner's argument. In her clinical findings, Dr. Grigoryev clearly stated that plaintiff's testing results were "in the retarded range of intellectual ability." (TR 311). While the psychologist did not diagnose "mental retardation" in so many words, there can be no doubt that she believed that plaintiff's testing results justified such a conclusion.

Finally, again citing Rule 12.05 of Appendix I, the Commissioner contends that there is insufficient evidence that supports a finding of onset of retardation before the age of 22. Once again, however, there is evidence which indicates that Ms. Dillon experienced essentially the same level of intellectual function during her developmental period. Subsequent to the issuance of the Law Judge's opinion, plaintiff submitted a series of school records. These records support the notion that plaintiff was awarded "social promotions," that she performed poorly in school, and that she was considered by her teachers to be "slow." (TR 33-38). The court finds that Ms. Dillon met the burden of proof in establishing that she suffered from a listed impairment under Rule 12.05(C) of Appendix I, and that the psychological testing which supports the finding of a listed impairment is properly documented.

In summary, the court finds that Ms. Dillon met the burden of proof in establishing total disability for all forms of substantial gainful employment, based on the presence of a listed impairment under Rule 12.05(C) of Appendix I. See 20 C.F.R. § 404.1520(d). The court concludes that the testing results and clinical findings from the consultative psychologist may not be discredited merely because the psychologist, or for that matter plaintiff's treating physicians and teachers, did not use the term "mental retardation" in characterizing her level of intellectual function. The court concludes that Ms. Dillon met a listed impairment on the basis of significantly subaverage general intellectual function as of the date of alleged disability onset, July 29, 1998.

7

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff met the burden of proof as prescribed by and pursuant to the Act in establishing disability for all forms of substantial gainful employment, judgment will be entered in favor of the plaintiff. The matter will be recommitted to the Commissioner for a determination and award of appropriate benefits. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 19th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE